# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM SARFARZI-ESFAHARI,<br><br>    Petitioner,<br><br>v.<br><br>RON MURRAY, et al.,<br><br>    Respondents. | Case No. 1:25-cv-00774-JLT-EPG-HC<br><br>ORDER DIRECTING ATTORNEYS ANDRES ORTIZ AND H. TY KHARAZI TO FILE SUBSTITUTION OF COUNSEL<br><br>(ECF Nos. 23, 25)<br><br>ORDER DIRECTING PARTIES TO MEET AND CONFER AND FILE JOINT STATEMENT REGARDING CASE MANAGEMENT |

Petitioner is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner's first amended petition was due December 8, 2025, the response due December 15, 2025, and the reply due December 19, 2025. (ECF No. 20.) A hearing on the motion for temporary restraining order is scheduled for January 5, 2026. (ECF No. 21.)

On December 5, 2025, attorney H. Ty Kharazi filed a motion to withdraw as attorney of record for Petitioner and a request for extension of time to file an amended petition. (ECF No. 23.) Therein, Mr. Kharazi states that Petitioner retained the law firm of Yarra-Rivas and Associates ("YRA") sometime before 2025, and on or about June 2025, Mr. Kharazi was retained on an emergency basis by YRA to file the instant action because Petitioner was taken into custody by the U.S. Immigration and Custom Enforcement ("ICE"). On or about October 30, 2025, Petitioner terminated services of YRA and hired a new attorney. On November 17, 2025, Petitioner's new attorney alleged that YRA did not provide effective assistance of counsel

1 to Petitioner in his immigration matters. (ECF No. 23 at 3.[1]) Mr. Kharazi states that he contacted
2 the new immigration attorney and asked if they would also substitute in this matter and was
3 advised that they were not retained for this matter. (ECF No. 23 at 4, 6.) The motion is noticed
4 for hearing before Judge Thurston on January 6, 2026. (Id. at 1.)

On December 15, 2025, attorney Andres Ortiz filed a notice of appearance on behalf of
Petitioner. (ECF No. 25.) On December 15, 2025, Respondents filed a response, stating that they
have no position on the request by Mr. Kharazi to withdraw from this case. Further,
"Respondents are not opposed to Petitioner's current request for more time subject to the express
understanding that every delay in this case has been at the Petitioner's request and cannot be
used against the government in any manner," but contend that Petitioner should not get to file a
motion for temporary restraining order "since he has repeatedly demonstrated there is no urgency
to his requested relief." (ECF No. 26 at 1.) Respondents argue Petitioner should only be allowed
to file an amended petition. (Id.)

Local Rule 182(d) provides in pertinent part:

> [A]n attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

Here, Mr. Kharazi has complied with Local Rule 182(d), but after the filing of the motion to withdraw, attorney Andres Ortiz filed a notice of appearance on behalf of Petitioner. (ECF No. 25.) Local Rule 182(a) governs appearance as attorney of record and provides:

> **(1) Appearance Required.** Except as permitted in (b) and except as the Court may allow a courtesy appearance in criminal actions, no attorney may participate in any action unless the attorney has appeared as an attorney of record. A single client may be represented by more than one attorney of record to the extent authorized by the applicable Rules of Professional Conduct.
>
> **(2) Manner of Making Appearance.** Appearance as an attorney of record is made (i) by signing and filing an initial document, see L.R. 131(a); (ii) by causing the attorney's name to be listed in the

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

2

upper left hand corner of the first page of the initial document; (iii) by physically appearing at a court hearing in the matter, formally stating the appearance on the record, and then signing and filing a confirmation of appearance within seven (7) days; or (iv) by filing and serving on all parties a substitution of attorneys as provided in (g).

L.R. 182(a)(1)–(2).

Although Mr. Ortiz filed a notice of appearance, (ECF No. 25), he has not made an appearance as an attorney of record in compliance with the Local Rules. See L.R. 182(a)(2). Based on the foregoing, the Court finds that this matter would be most efficiently addressed by the filing of a substitution of attorney in compliance with Local Rule 182(g), which provides:

> **(g) Substitution of Attorneys.** An attorney who has appeared in an action may substitute another attorney and thereby withdraw from the action by submitting a substitution of attorneys that shall set forth the full name and address of the new individual attorney and shall be signed by the withdrawing attorney, the new attorney, and the client. All substitutions of attorneys shall require the approval of the Court, and the words **"IT IS SO ORDERED"** with spaces designated for the date and signature of the Judge affixed at the end of each substitution of attorneys.

Accordingly, IT IS HEREBY ORDERED that:

1. Within seven (7) days of the date of service of this order, attorneys Andres Ortiz and H. Ty Kharazi SHALL FILE a substitution of attorney; and

2. Within seven (7) days of the date of service of this order, the parties SHALL meet and confer and submit a joint statement regarding case management and a proposed briefing schedule.

IT IS SO ORDERED.

Dated:  **December 22, 2025**       /s/ Erica P. Grosjean
                                 UNITED STATES MAGISTRATE JUDGE