# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM SARFARZI-ESFAHARI,<br><br>                    Petitioner,<br><br>         v.<br><br>RON MURRAY, et al.,<br><br>                    Respondents. | No. 1:25-cv-00774 JLT EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, GRANTING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS, ORDERING RESPONDENTS TO PROVIDE PETITIONER A SUBSTANTIVE BOND HEARING, PRECLUDING REMOVAL TO A THIRD COUNTRY WITHOUT PROCEDURAL PROTECTIONS, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Docs. 31, 40) |

Petitioner is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 26, 2026, the magistrate judge issued findings and recommendations recommending that the first amended petition for writ of habeas corpus be granted on the first and third claims for relief and Respondents be directed to immediately release Petitioner. (Doc. 40.) On February 9, 2026, Respondents filed objections to the findings and recommendations, and Petitioner filed a reply to the objections. (Docs. 41, 42.)

According to the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondents'

1

objections, the Court adopts the findings and recommendations in part. The findings and recommendations correctly conclude that (1) this Court has jurisdiction over the matter; (2) Respondents have failed to demonstrate that Petitioner's removal is significantly likely in the reasonably foreseeable future; and that Petitioner is entitled to procedural protections related to third country removal. (*See* Doc. 40 at 3–9.) However, the Court departs from the findings and recommendations as to one aspect of the recommended remedy order. Because Petitioner's 2019 DUI conviction post-dates his 2005 release from ICE custody on an Order of Supervision, the Court concludes that this unique circumstance warrants a bond hearing before a neutral adjudicator to determine flight risk or danger. *See Hernandez-Castro v. Lyons*, No. 1:25-CV-01574 JLT SAB, 2025 WL 3771344, at *9 (E.D. Cal. Dec. 31, 2025) (ordering a bond hearing for individual with final order of removal because of unique circumstances); *Trejo v. Warden of ERO El Paso E. Montana*, No. EP-25-CV-401-KC, 2025 WL 2992187, at *11 (W.D. Tex. Oct. 24, 2025) (ordering bond hearing instead of immediate release for individual with final order of removal, noting court's flexibility in fashioning federal habeas remedy). Thus, the Court **ORDERS**:

1. The findings and recommendations issued on February 9, 2026 (Doc. 40) are **ADOPTED IN PART**.

2. The first amended petition for writ of habeas corpus (Doc. 31) is **GRANTED** on the first and third claims for relief.

3. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*,

872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

4. Respondents are **ENJOINED AND RESTRAINED** from removing Petitioner to a third country without an individualized opportunity to assert his fear of removal to said country.

5. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **February 25, 2026**

UNITED STATES DISTRICT JUDGE